2007 OK 83

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Rodney M. PHELPS, Respondent.**

**SCBD No. 5324.**

Supreme Court of Oklahoma.

Nov. 6, 2007.

**ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS.**

 ¶1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Rodney M. Phelps pending disciplinary proceedings, this Court finds:

1. On August 23, 2007, Phelps submitted his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Phelps' affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting his resignation.

3. Phelps is aware that a grievance by the General Counsel has been lodged against him and states the following in his affidavit of resignation:

As a member of the State Bar of Texas, State Bar Number 15906000, I was charged with professional misconduct by the Commission for Lawyer Discipline, and subsequently resigned from the practice of law in lieu of discipline. The Supreme Court of Texas accepted my resignation by Order dated May 14, 2007.... The matters which resulted in my Texas resignation were: [1] Case Number D0110528286. In my representation of Richard McKinney in a personal injury matter, I failed to adequately

supervise non-lawyer employees resulting in the expiration of the statute of limitations and my client's loss of his right to file a lawsuit. [2] Case Number D0030629111. I was retained by Richard Auger, the Guardian of the Person and Estate of Linda Rhodes, a seriously disabled person. Contrary to the Texas Probate Code, I entered a contingent fee contract with Auger for the representation of Rhodes with regard to the injuries which caused her disability. I neither sought nor received leave of the Probate Court for my representation of Rhodes. I received no authorization from the Probate Court to effect a settlement. The matter settled for $270,007.00. I failed to account for the receipt of the funds to the Probate Court. Of the settlement, $30,000.00 was paid to Auger for the benefit of Rhodes. The balance of the funds, about $240,007.00 was distributed to me and/or others who were not entitled to receive the funds.

As a member of the State Bar of Tennessee, BPR # 16366, the Supreme Court of Tennessee at Nashville took reciprocal discipline in an Order filed December 21, 2006, case no. M2006–02263–SG–BPR–BP/BPR No. 2006–1642–5–SC(17) ... for previous discipline imposed upon me by the Commission for Lawyer Discipline of the State of Texas on January 12, 2006, by imposing a four year suspension upon me and probation subject to certain specified conditions. Subsequently, my client Radora Long, filed a grievance on April 24, 2007, concerning my representation of her in a personal injury case in the Sixth Circuit Court of Davidson County, Tennessee, *Radora V. Long v. Lisa Turner,* Jury Demand Docket No. 06C–1887. Ms. Long alleged that I sued the owner of the car instead of the driver who was the tort-feasor. The original lawsuit was dismissed at my request, and another suit was filed. After numerous continuances at my request, the court refused to grant further continuances. When I failed to appear for a hearing, the court dismissed the lawsuit with prejudice. The Disciplinary Council of Tennessee is seeking to revoke my disciplinary probation. I do not intend to contest this result.

4. Phelps is aware that the allegations set forth, if proven, would constitute violations of the Oklahoma Rules Governing Professional Conduct, Okla. Stat. tit. 5, ch. 1, app. 3–A (2001), and his oath as an attorney. He waives any and all right to contest the allegations.

5. Phelps' resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch. 1, app. 1–A (2001), and it should be approved.

6. Phelps acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 RGDP, and he will make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7. Phelps acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Phelps agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund Claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. Phelps acknowledges that the Oklahoma Bar Association has not incurred costs in the investigation of this matter.

9. The official roster address of Phelps as shown by Bar Association records is Rodney M. Phelps, 7350 Hawk Road, Flower Mound, Texas 75022.

■ ¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Rodney M. Phelps be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Phelps may not

make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, Phelps shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 1st day of November, 2007.

/s/ James Winchester
    Chief Justice

WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, TAYLOR and COLBERT, JJ., concur.